# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

| | |
|---|---|
| ARIEL MORALES BRACHO,<br><br>        Plaintiff,<br><br>vs.<br><br>BELLAGIO HOTEL AND CASINO, *et al.*,<br><br>        Defendants. | 2:18-CV-02398-RFB-CWH<br>**REPORT AND RECOMMENDATION** |

    Before the court is the *Ariel Morales Bracho v. Bellagio Hotel and Casino*, case number 2:18-cv02398-RFB-CWH.

    On December 26, 2018, the court ordered that (1) the Early Neutral Evaluation session was set for February 20, 2019 at 10:00 AM, and (2) the parties must deliver written evaluation statements to chambers by 4:00 PM, February 13, 2019. (ECF No. 5). Plaintiff Bracho failed to submit a written evaluation statement. On February 14, 2019, the court vacated the February 20, 2019 Early Neutral Evaluation session and entered an order scheduling a show cause hearing for 2:00 PM, March 6, 2019. (ECF NO. 15). Bracho was ordered to file with the court, by March 1, 2019, a response showing cause as to why he should not be sanctioned for failing to comply with court order, and to attend the hearing on March 6, 2019 in person. *Id.* No response was filed.

    On March 6, 2019, the Court held a show cause hearing and Bracho failed to appear. (ECF No. 17).

    Pursuant to Local Rule IA 11-8, "[t]he Court may, after notice and an opportunity to be heard, impose any and all appropriate sanctions on an attorney or party who: (a) Fails to appear when required

for pretrial conference, argument on motion, or trial; (b) Fails to prepare for a presentation to the Court; (c) Fails to comply with these Rules; or, (d) Fails to comply with any order of this Court."

The Court has clear authority to dismiss the case for failure to cooperate in the progress of the litigation. "This power is necessary to prevent undue delays in the disposition of pending cases, docket congestion, and the possibility of harassment of the Defendant." *Mederios v. United States*, 621 F.2d 468, 470 (1st Cir. 1980). To be sure, "[a]ll litigants, including *pro ses*, have an obligation to comply with court orders." *Minotti v. Lensink*, 895 F.2d 100, 103 (2d Cir. 1990)(per curiam). Thus, when they flout the obligation to comply with court orders they, like all litigants, must suffer the consequences of their non-compliance. *See McDonald v. Miegel*, 850 F.2d 121, 124 (2d Cir. 1988). Further, the Court need not always exhaust every sanction short of dismissal before final action. *Edelson v. Commissioner*, 829 F.2d 828, 831 (9th Cir. 1987). Such a decision lies within the discretion of this Court. *See National Hockey League v. Metropolitan Hockey Club. Inc.*, 427 U.S. 639, 642 (1976); *Link v. Wabash R. Co.*, 370 U.S. 628 (1962) (affirming district court's dismissal under Rule 41(b) after plaintiff's attorney failed to appear at a pretrial conference).

Plaintiff has repeatedly failed to follow the rules of this Court. He failed to submit a confidential ENE statement as ordered in ECF No. 5, failed to file a response to the Order to Show Cause as ordered in ECF No. 15, and failed to appear at the March 6, 2019 show cause hearing.

Accordingly,

IT IS HEREBY RECOMMENDED that this case be dismissed for failure to comply with Court Orders (ECF Nos. 5 and 15).

The Court Clerk is directed to mail a copy of this order to Plaintiff Bracho at the following address:

Ariel Morales Bracho
1445 E Harmon Ave., Apt 204
Las Vegas, NV 89119

# NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 6th day of March, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE